At nisi prius.—The complaint set forth that the plaintiff at a receiver’s sale, on the 2d of November, 1848, became the purchaser of the leasehold interest of one Britton, in the premises known as No. 10 Dey street. That the receiver making the sale, was vested with all the right which Britton had on the 22d day of April, 1848; the same having been transferred to such receiver in a creditor’s suit in equity, commenced on the day last mentioned, by J. E. and C. Andrew against Britton, upon a judgment and unsatisfied execution. That the sale was made in pursuance of an order of the court, and a conveyance executed by the receiver to Wood.
The complaint further stated, that early in 1847, Britton obtained a lease of No. 10 Dey street from the owners, for a term of ten years from the 1st of May, 1847, at the yearly rent of $700, on condition that the defendant Harrison would become his surety for the rent. Harrison agreed to be such surety, if B. would assign him the lease as security. Accordingly, the lease was executed to Britton, Harrison executed a covenant to the lessors to pay the rent, and B. assigned the lease to Harrison, as his security therefor. That on the 26th of August, 1848, Harrison leased the premises to the defendant Montcrieff, for the residue of the term demised to Britton, and put M. in possession. That M. had full notice of Andrew’s suit against Britton, and of their claim to B.’s interest in the lease. That Britton took possession May 1st, 1847, and continued in possession until after Andrew’s suit was commenced. That on the 18th of November, 1848, the plaintiff offered in writing to Harrison, to substitute good and sufficient security in his place on Britton’s lease, (and stated that the lessors would accept the same,) if he would assign-the lease to the plaintiff. That Harrison positively refused to assign the lease'Xtpon any terms.
*666 The complaint prayed that the defendants might assign to the plaintiff, the lease and all the right which they and Britton had therein, and give the plaintiff possession of the premises j on his furnishing to Harrison a release and discharge of his suretyship and liability for the rent, and procuring a responsible person to become surety upon the lease in his stead. And for such other or such further relief, as the nature of the case might require, and to the court should seem meet.
The defendant Harrison, in his answer, stated that he refused to become security for the rent, unless he should have the absolute control and ownership of the lease; and that the lease having been executed before Britton had applied to him, he signed the covenant, and at the same time received from B. an absolute assignment of the lease. That Harrison was in truth the lessee, and that Britton never had any actual interest in the premises, and he never had the possession of the lease. That the lessors have refused and do refuse to change the security, and to accept any person in place of H. as covenantor for the rent. That the plaintiff has no right, title or interest in the lease. That the court has no power to compel the lessors to substitute another person as security; and certainly not, without making them parties to the suit. Nor can the court compel the defendant to assign the lease and give possession to the plaintiff; because he has transferred all his interest to Montcrieff, who is in possession and entitled to the lease.
The answer of the defendant, Montcrieff, set up that he obtained his lease from Harrison, in good faith and without any notice of the facts relied upon in the complaint to sustain the plaintiff’s title. It also put in issue those facts.
On the trial, before Sandford, J., the respective parties gave evidence in support of their claims as made by the pleadings, and the plaintiff proved that if Harrison had assigned the lease to him when requested, he could have sold it for $500.
After the cause was summed up to the jury, the judge submitted to them in writing, six questions, as embracing all the material issues, and desired their answer to each. The questions, with the answers made by the jury after retiring and deliberating, were as follows:
D. Evans and E. Sandford, for the plaintiff.
H. Hilton and J. Cochran, for the defendants.
1. Was Britton the principal and Harrison the surety, in the lease when it was executed 1 (Answer, They were,)
2. Was the assignment from Britton to Harrison, intended to be absolute ; or was it made as security to Harrison, in respect of his covenant to pay the rent ? (Answer, As security.)
■3. Did the lessors in the lease, give their consent to release Harrison from his covenant, and accept some other surety, or will they now release him? (Answer, No.)
4. Did the tenant Montcrieff, when he received his lease from Harrison, have any knowledge or information that Harrison was a surety or trustee for Britton ? (Answer, No.)
5. Did Montcrieff then have any knowledge or information as to Andrew’s proceedings against Britton, and his claim to enforce his judgment against the lease of No. 10 Dey street? (Answer, No.)
= 6. What was the lease worth when the offer was made by Wood to Harrison, to substitute other security? (Answer, $500.)
The Judge, after hearing counsel as to the judgment to be given on the verdict, gave judgment for the plaintiff against Harrison, for $500, and the plaintiff’s costs of the suit; and in favor of Montcrieff against the plaintiff for his costs.